### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CLOATEE SMITH**                                                                      **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO.**     3:21-cv-275-CWR-FKB

**DOLGENCORP, LLC;**
**AND JOHN DOES 1-10**                                                **DEFENDANTS**

### NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendant, Dolgencorp, LLC, by and through counsel, has removed Civil Action No. 21-186 filed in the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Civil Action Removed

1. On April 5, 2021, Plaintiff Cloatee Smith ("Plaintiff") filed a Complaint in state court against Defendants alleging that Plaintiff "slipped" and fell while shopping at a Dollar General store in Jackson, Hinds County, Mississippi, on December 5, 2019. *See. Pl.'s Compl.*, attached hereto as Exhibit "A". The state court action is styled, *Cloatee Smith v. Dolgencorp, LLC; and John Does 1-10;* In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 21-186. *See Pl.'s Compl.*, attached hereto as Exhibit "A". A complete, certified copy of the state court file has been requested and will be filed in the next few days following the filing of this Notice.

## II. Timeliness of Removal

2.      Defendants were served with the Summons and Complaint on April 12, 2021. Since this Notice is being filed within thirty days after Defendants were served with process, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

## III. Complete Diversity of Parties

3.      In her Complaint, Plaintiff alleges she resides in Hinds County, Mississippi. *See* Exhibit "A". At all relevant times, Dolgencorp, LLC, owned and operated the Dollar General store where Plaintiff's alleged incident occurred. Dolgencorp, LLC, moreover, is a limited-liability company organized under Kentucky law.

4.      As a result, for purposes of diversity jurisdiction, Defendant Dolgencorp, LLC, which owned and operated the store where Plaintiff's alleged incident occurred, is a citizen of Kentucky. According to 28 U.S.C. § 1332, complete diversity of citizenship exists between Plaintiff and Dollar General Corporation, and Defendant Dolgencorp, LLC.

## IV. The Amount in Controversy Exceeds $75,000.00

5.      In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are likely to be above $ 75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $ 75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id.* (citing *Allen*, 63 F.3d at 1335).

6.     Plaintiff did not allege a specific amount of damages in her Complaint, except Plaintiff "sued the Defendant, DOLGENCORP, LLC, for damages within the jurisdictional limits of the court and demands trial by jury of all issues so triable." *See* Exhibit "A". Plaintiff alleges she suffered "bodily injury resulting in pain and suffering to her left side and right knee as a direct result of your insured's negligence. The Plaintiff has suffered the loss of the enjoyment of life, expense of hospitalization, medical and physical therapy expenses. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." *See Id.*

7.     Plaintiff's alleged damages make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 U.S. Dist. LEXIS 158890, at *3-4 (S.D. Miss. Nov. 10, 2014) (facially apparent that plaintiffs' claims were likely to exceed $75,000 where they alleged severe and permanent physical injuries, mental anguish, anxiety, pain and suffering, disability, disfigurement, loss of wages and wage-earning capacity, past and future medical expenses, and loss of consortium); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where

plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement). Based on the foregoing authorities, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

### V. Venue

8. According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case is being removed from the Circuit Court of the First Judicial District of Hinds County, Mississippi, where Plaintiff originally filed it.

### VI. Notice to State Court

9. Defendants will file a true and correct copy of this Notice of Removal with the Circuit Court of the First Judicial District of Hinds County, Mississippi, and effect removal to this Court according to 28 U.S.C. § 1446(d).

### VII. Notice to Plaintiff

10. Consistent with 28 U.S.C. § 1446(d) and the Certificate of Service, Defendants are providing Plaintiff with a copy of this Notice of Removal.

### VIII. Copy of State Court Pleadings

11. Under 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of proceedings from the Circuit Court of the First Judicial District of Hinds County, Mississippi, will be timely filed.

### VIII. Conclusion

12. Defendants respectfully request that this Court will receive and place on its docket this Notice of Removal and that the Circuit Court of the First Judicial District of Hinds County, Mississippi, will proceed no further in this action.

Dated: April 19, 2021.

                        Respectfully submitted,

                        **DEFENDANTS, DOLGENCORP, LLC**

                By:    */s/ Mark C. Carlson*
                      Mark C. Carlson (MSB #5871)
                      Gerald L. Kucia (MSB #8716)

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
601.856.7200 F+601.856.7626
drussel@cctb.com
mcarlson@cctb.com
gkucia@cctb.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I, Mark C. Carlson, certify that on April 19, 2020, I served a true and correct copy of the previous document by email to the following:

    Harry M. McCumber, Esq.
    Morgan & Morgan, PLLC
    4450 Old Canton Road, Suite 200
    hmccumber@forthepeople.com
    *Attorney for Plaintiff*

                        */s/ Mark C. Carlson*
                        Mark C. Carlson